1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aleksys Lomeli-Garcia, | No. CV-19-08199-PCT-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On July 10, 2019, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition").  (Doc. 1.)  That same day, Petitioner filed a motion entitled "Hybrid Motion for Stay and Abeyance and to Supplement/Amend Habeas Pet." ("Motion to Stay/Abey").  (Doc. 3.)  And while the Petition and the Motion to Stay/Abey were pending, Petitioner filed another motion entitled "Untimely Motion to Supplement . . . Ground Four and Amend Doc. #2 . . . And Substa[n]tive Innocence Claim" ("Motion to Supplement/Amend").  (Doc. 19.)

On March 27, 2020, Magistrate Judge Fine issued a pair of Reports and Recommendations ("R&Rs").  In one of the R&Rs, Judge Fine recommends that the Petition be dismissed with prejudice and the Motion to Supplement/Amend be denied. (Doc. 24.)  In the other R&R, Judge Fine recommends that the Motion to Stay/Abey be denied.  (Doc. 23.)  Afterward, Petitioner filed combined objections to the R&Rs (Doc. 27) and Respondents filed a response (Doc. 28).

For the following reasons, the Court will overrule Petitioner's objections to the

R&Rs, dismiss the Petition with prejudice, deny Petitioner's two pending motions, and terminate this action.

I.    Background

*The Guilty Plea And Sentencing*.  In May 2011, Petitioner was indicted on various counts of murder, burglary, and associated crimes.  (Doc. 24 at 2.)

In August 2011, Petitioner entered into a plea agreement.  (*Id.* at 2-3.)  In it, he pleaded guilty to two counts of first-degree murder, one count of burglary, and one count of theft of means of transportation.  (*Id.*)  "The agreement specified that Petitioner would receive a lifetime prison sentence on each of his first degree murder convictions 'where he could be eligible for release after serving 25 calendar years (day for day) for each conviction.'  The agreement provided that whether these sentences would run concurrently or consecutively would be up to the sentencing court's discretion . . . [and] reiterated that Petitioner's sentences for the two first degree murder counts could be 50 calendar years if his murder counts were imposed to run consecutively."  (*Id.* at 3, citations omitted.)

Before sentencing, Petitioner's counsel filed a memorandum stating that Petitioner had used LSD, spice, methamphetamine, and other drugs in the days preceding the murders and "was most likely in a drug induced psychosis" at the time of the murders.  (*Id.*)

In July 2012, sentencing took place.  (*Id.* at 3-4.)  The trial court ordered the two sentences for the murder counts to run consecutively and ordered the remaining sentences to run concurrently.  (*Id.* at 4.)  The trial court also provided Petitioner with a "notice of rights" form, which stated that Petitioner "did not have a right to direct appeal because he had pleaded guilty, [but] he could seek review by means of a petition for post-conviction relief" ("PCR")  (*Id.*)  This form also "clearly informed" Petitioner that any PCR notice was due within 90 days of entry of judgment and sentence if he did not file a notice of appeal.  (*Id.*)

*The State-Court Appellate Proceedings*.  In July 2013—one year after sentencing—Petitioner filed a notice of appeal.  (*Id.* at 4.)

In August 2013, the Arizona Court of Appeals dismissed the appeal based on a lack

of jurisdiction.  (*Id.* at 4-5.)  The court explained that (1) because Petitioner had pleaded guilty, he was unable to pursue a direct appeal, and (2) to the extent Petitioner intended his notice of appeal to serve as a PCR notice, it was untimely.  (*Id.*)

*The Petition*.  In July 2019—more than five years after the last activity in state court—Petitioner filed the Petition.  (Doc. 1.)  It raises four grounds for relief: (1) Petitioner's "access to the courts was 'obstructed' and 'denied' with respect to his right to 'exercis[e]' his state-court direct appeal and his right to effectively petition this Court in a timely manner"; (2) Petitioner's "Sixth and Fourteenth Amendment rights to timely and adequate notice of the State's 'accusation' and its 'full potential punishment ingredient' were violated, which divested and constitutionally restricted the state court's subject matter jurisdiction concerning the enhanced sentencing statutes"; (3) ineffective assistance of counsel ("IAC"), which "caused Petitioner to accept a plea agreement he otherwise would have rejected"; and (4) denial of the "opportunity to present a complete defense."  (Doc. 24 at 5, citations omitted.)

II.   Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").  Those objections must be "specific."  *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013

WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.   Analysis

    A.   **The Petition**

The R&R appearing at Docket No. 24 concludes the Petition should be dismissed with prejudice because it was filed outside AEDPA's statute of limitations. (Doc. 24 at 6-14.) Specifically, the R&R explains that the one-year statute of limitations for Petitioner to file a habeas petition began running on October 12, 2012 (*i.e.,* the 90-day deadline for Petitioner to file a PCR notice after his sentencing hearing), the habeas deadline was therefore October 11, 2013, and the filing of the Petition in mid-2019 came several years too late. (*Id.* at 6-7.) The R&R also considers and rejects various arguments proffered by Petitioner as to why he should be entitled to a later accrual date, including the argument that the Arizona Department of Corrections ("DOC") interfered with his filing efforts. (*Id.* at 7-9.) Finally, the R&R concludes that (1) Petitioner is not entitled to statutory tolling because the "notice of appeal" he filed in July 2013 was untimely under state law (*id.* at 9-10); (2) Petitioner is not entitled to equitable tolling because "Petitioner has not met his burden of showing either that he has been pursuing his rights diligently or that some extraordinary circumstances made it impossible for him to file a timely petition for habeas corpus" (*id.* at 10-12); and (3) Petitioner cannot invoke the "actual innocence" exception for untimeliness because the supposed "new" evidence he proffers (*i.e.,* "he did not voluntarily inhale the 'secret' components of Spice and bath salts, which unknown to him could cause homicidal psychoses") is not actually new, was not unavailable to him before 2019, and does not, in any event, negate the concession in his sentencing memorandum

---

[1]   *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

that he was also under the voluntary influence of other drugs, such as LSD and methamphetamine, at the time of the murders (*id.* at 12-14).

Petitioner's prolix objections to the R&Rs are 30 pages long.  (Doc. 27.)  With respect to the R&R's conclusion that the Petition should be dismissed on timeliness grounds, Petitioner's objections can be grouped into four broad categories.  First, Petitioner argues that the R&R "has errored [sic] by failing to apply or consider the *Carrier* [and] *Perkins* . . . principles for tolling purposes under 28 USC 2244(d)(1)(B)(D)" and that, under those principles, he is entitled to tolling.  (*Id.* at 3-5.)  Second, Petitioner argues that the R&R applied the "incorrect 2244(d)(1)(B) legal standard."  (*Id.* at 5-13.)  Third, Petitioner argues that the R&R "fail[ed] to apply correct 2244(d)(1)(D) standard to correct 2019 factual predicates."  (*Id.* at 14-23.)  Fourth, Petitioner argues that the R&R committed "errors in application of *Holland* [and] *Schlup*."  (*Id.* at 23-24.)

These objections lack merit.  At bottom, Petitioner is simply attempting to repackage and reassert the same arguments he presented to the magistrate judge.  The Court has carefully reviewed the R&R's timeliness analysis, agrees with it in all respects, and adopts it.

### B.    **The Motion To Supplement/Amend**

The R&R appearing at Docket No. 24 also recommends that Petitioner's Motion to Supplement/Amend be denied.  (Doc. 24 at 14-17.)  Specifically, the R&R concludes that Petitioner's motion—which seeks to offer additional evidence and argument concerning synthetic designer drugs and their effect on users—is futile because, even if this new information were added, the Petition would remain subject to dismissal due to its untimeliness. (*Id.*)

In his objections, Petitioner argues that (1) the R&R "grossly, and obviously, errors [sic] when it uses fabricated 2012 record facts in an effort to impeach the credibility of [Petitioner's] expert opinion," (2) Respondents have "agreed" that Petitioner's expert's "patient history facts" are true and have further "agreed" that the "2011-2012 fabricated facts" are false, and (3) "[o]nly by attempting to impeach [Petitioner's] expert with false

facts, that both parties concur are fabricated, can the Magistrate favor the State by attempting to block [Petitioner's] submission of his *Schlup* actual innocence evidence." (Doc. 27 at 26-28.)  In response, Respondents clarify that, although "Petitioner repeatedly states throughout his objection . . . that 'both parties have agreed' or 'Ariz. agrees' with Petitioner to certain facts . . . Respondents have entered into no such agreement or concessions." (Doc. 28 at 1 n.1.)

Petitioner's objections to the portion of the R&R recommending the denial of his Motion to Supplement/Amend will be overruled.  Even if the proposed materials were added to the record, Petitioner would not be able to overcome the untimeliness of his Petition via an "actual innocence" claim.  Thus, the R&R correctly concludes that the Motion to Supplement/Amend should be denied based on futility.

### C.    **Motion To Stay/Abey**

The R&R appearing at Docket No. 23 recommends that Petitioner's Motion to Stay/Abey be denied.  Specifically, the R&R explains that "there is no purpose to stay and abey an untimely federal habeas corpus petition in order to exhaust claims in state court because to do so could not cure a petitioner's failure to comply with AEDPA's statute of limitations." (Doc. 23 at 4.)  Thus, given the conclusion in the other R&R that the Petition must be dismissed due to its untimeliness, the R&R concludes that "a stay and abeyance would be futile." (*Id.* at 5.)

In his objections, Petitioner argues that the R&R's analysis of his Motion to Stay/Abey is "tainted" by the "befuddled" analysis in the other R&R and thus objects to that analysis "[f]or the same reasons" that he objects to the other R&R. (Doc. 27 at 28-29.)

This objection will be overruled.  As noted, the Court disagrees with Petitioner's contention that the other R&R is flawed and "befuddled."  And because Petitioner identifies no other reason why the recommended denial of his Motion to Stay/Abey is incorrect, that recommendation will be accepted.

…

Accordingly, **IT IS ORDERED** that:

(1)      Petitioner's objections to the R&Rs (Doc. 27) are **overruled**.

(2)      The R&Rs (Docs. 23, 24) are **accepted**.

(3)      The Petition (Doc. 1) is **dismissed with prejudice**.

(4)      The Motion To Stay/Abey (Doc. 3) is **denied**.

(5)      The Motion To Supplement (Doc. 19) is **denied**.

(6)      A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

(7)      The Clerk shall enter judgment accordingly and terminate this action.

Dated this 18th day of May, 2020.

Dominic W. Lanza
United States District Judge